UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| A.S., by and through her<br>  Next Friend, DOROTHY S. | CIVIL ACTION |
| VERSUS | NO. 17-4200 |
| VOICES FOR INTERNATIONAL<br>BUSINESS AND EDUCATION, INC.;<br>JOHN WHITE, Louisiana State<br>  Superintendent of Education in his official capacity;<br>LOUISIANA DEPARTMENT OF EDUCATION; and<br>LOUISIANA BOARD OF ELEMENTARY<br>  AND SECONDARY EDUCATION | SECTION "N" |

## ORDER AND REASONS

Presently before the Court is Plaintiff's "Motion for Preliminary Injunction" (Rec. Doc. 29), which was taken under submission on Wednesday, August 2, 2017. The Court has carefully reviewed the parties' submissions (Rec. Docs. 29, 34, 36, and 43), the record in this matter, and applicable law. On the present showing made, **IT IS ORDERED** that the motion is **DENIED WITHOUT PREJUDICE**.

Despite the imminent start of the 2017-2018 school term,[1] the parties and counsel have not identified and agreed upon a reasonable and effective accommodation for A.S.'s inability to traverse the stairs at International High School of New Orleans ("IHSNO") that will not unduly

---

[1] According to the school's website, depending on grade level, the 2017-2018 school term at IHSNO begins on August 10th, 11th, 14th, or 15th. *See* http://www.ihsnola.org/.

burden or prejudice A.S., Defendants, and/or the other students at IHSNO.[2] Although Defendants Voices for International Business and Education, Inc. ("VIBE"), Louisiana Department of Education, and Superintendent of Education John White have recently proposed that A.S. utilize a Garaventa Stair-Trac ("Stair-Trac") portable wheelchair lift to access the second floor of the school,[3] it is not apparent to the Court whether the Stair-Trac lift actually has been purchased and/or approved by relevant personnel for use by students at the school. Even so, Plaintiff's memorandum maintains that the provision of such an instrumentality is legally insufficient to satisfy Defendants' accessibility obligations. Moreover, Plaintiff objects to A.S. using the device

---

[2] Plaintiff suffers from Noonan Sydrome, which requires that she wear orthotics to stabilize her feet and legs while she walks. *See* Rec. Doc. 29-1, at 7. In December 2016, she had surgery on her right foot that prevents her from being able to climb stairs for the foreseeable future. She soon will undergo a similar surgery on her left foot, which again will prevent her from climbing stairs for the foreseeable future. *Id.* As described by Plaintiffs, "[p]rior to her December 2016 surgery, A.S. spent most of her school day in a self-contained classroom of fewer than 10 special education students located on the second floor of the school. Plaintiff's surgery in December 2016 rendered her unable to climb steps to the second floor and, therefore, unable to reach her classroom." *See* Rec. Doc. 29-1, at 7. Following that surgery, Plaintiff originally sought to have her "class of fewer than ten students" relocated "to available and suitable space at a first-floor location" for the remainder of the 2016-2017 school year. *See* Rec. Doc. 2-1 at 1; Rec. Doc. 4-1 at 1. Thereafter, while IHSNO was closed for the summer, Defendant VIBE relocated the "self-contained special education classroom to the first floor of the school building to accommodate students with disabilities similar to Plaintiff." *See* Rec. Doc. 34 at 3 n.2. In May 2017, however, Plaintiff's IEP team determined that her appropriate educational setting for the 2017-18 academic year would be the general education setting, rather than a self-contained classroom. Thus, despite the Defendant VIBE's relocation of the self-contained special education classroom to the first floor during the summer, traversing the stairs to IHSNO's second floor classrooms (for all of her classes except art) remains a problem for Plaintiff for the 2017-2018 school year.

[3] *See* July 25, 2017 opposition memoranda (Rec. Docs. 34 and 36). Accordingly, Plaintiff asked that the August 2nd submission date be continued in order to allow Plaintiff and counsel an opportunity to "investigate the devices, its use, and possible implications for the student" in order to "assess the viability of [the] newly proposed device for presentation to the Court at oral argument or evidentiary hearing." *Id.* at 2. Upon receiving a notice of a technical filing deficiency by the Clerk of Court and become aware that Defendant VIBE opposed the continuance, Plaintiff's counsel advised the Court's staff, by email, that the request to continue the August 2 submission date would not be re-filed. Later during the evening of Monday, July 31, 2017, Plaintiff's counsel filed a proposed supplemental memorandum in support of Plaintiff's motion for preliminary injunction. *See* Rec. Docs. 39 and 43. The Court became aware of the supplement on the morning of Tuesday, August 1st. Plaintiff's supplemental memorandum (Rec. 43) is accompanied by a July 31, 2017 declaration from Angela Morton, an architect, as well as a July 31, 2017 supplemental declaration from Plaintiff A.S.'s mother, Dorothy S. *See* Rec. Docs. 43-1 and 43-3.

because of A.S.'s fear of heights and falling.[4] Plaintiff also contends the Stair-Trac is not a viable solution because its use would require that A.S. be late to or leave early from class and would "put her at risk of alienating her from other students and becoming fodder for other students to ostracize or bully her[, which] would negatively impact her self-worth and independence." *See* Rec. Doc. 43 at 9-10.

As set forth in her motion for preliminary injunction, Plaintiff's proposal for the 2017-2018 school year is that all of A.S.'s classes be relocated to a first floor classroom, contending that space is available on the first floor, and that requiring A.S.'s classmates to attend general education classes on the first floor instead of the upper floors "is of no consequence to them" given that "all students change rooms when moving from one class to another." *See* Rec. Doc. 43 at 8. Plaintiff similarly maintains that "the fact that [A.S.'s] teachers may need to move from one classroom to another is also of little consequence" given that "it simply is not credible to believe that a change in venue will impair in the least their ability to properly instruct students." *Id.*

As presently submitted, Defendants' submissions to the Court, given their reliance on a prematurity argument and the provision of a Stair Trac lift, do not adequately apprise the Court of their position relative to Plaintiff's proposal that classes for A.S. and her classmates be held solely on the school's first floor. Given that the information is likewise not reflected in Plaintiff's submissions, the Court is unaware of whether Plaintiff and Defendants' personnel,

---

[4]  Apparently having viewed a video demonstration of the device, Plaintiff contends that using the device would require that A.S.'s wheelchair be tipped backwards and raised in the air while moving backwards. *See* Second Declaration of Dorothy S. at ¶5. The Court has viewed the video included on the Garaventa Lift website. *See* http://www.garaventalift.com/en/products/wheelchair-lifts/portable-wheelchair-lifts/stair-trac/video.html.

and/or their counsel, have actually discussed the viability of Plaintiff's proposal amongst themselves. Accordingly, **IT IS FURTHER ORDERED** that:

(1) No later than Friday, August 4, 2017, at 10:00 a.m., counsel for Defendants are to advise the Court whether the Stair Trac lift has been ordered and, if so, when it will be delivered. Defendant shall likewise apprise the Court whether a qualified person has determined that the lift can safely be used on the IHSNO stairs, as well as its proposed plans regarding the necessary training of school staff and actual use of the lift during the school day.

(2) No later than Monday, August 7, 2017, at 3:00 p.m., the parties and counsel are to confer, in good faith, to determine (a) whether holding all of the classes that A.S. will attend during the 2017-2018 school year on the first floor of the school building is a feasible solution to her inability to climb stairs that will not be unduly burdensome to Defendants, A.S.'s teachers, and A.S.'s classmates; and (b) whether any other alternative arrangement, including the use of a Stair Trac lift for at least a portion of A.S.'s classes, is feasible and agreeable to all parties.[5]

(3) No later than Friday, August 4, 2017 at 10:00 a.m., counsel are to advise the Court of the scheduled date(s) and time(s) for the conference(s) directed in paragraph (2).

---

[5] Although not discussed in Plaintiff's supplemental memorandum, the attached declaration of Angela Morton, an architect, avers that rooms on the school's first floor could "easily be converted, without much expense, to classrooms to accommodate 25-30 students. *See* Rec. Doc. 43-1 at ¶6.

(4) No later than <u>Wednesday, August 9, 2017, at 10:00 a.m.</u>, counsel for the parties are to advise the Court in writing of the status of their discussions and be available for a telephone conference with the Court if the undersigned were to determine that a conference is warranted.

New Orleans, Louisiana, this 3rd day of August 2017

                                    **KURT D. ENGELHARDT**
                                    **United States District Judge**